## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO.: 07-61389-CIV-COHN/SELTZER

MERRILL-STEVENS YACHT SALES, LLC.,
A Florida Corporation, as successor in
interest to Koch, Newton and Partners,

       Plaintiff,

vs.

FR. LÜRSSEN WERFT GMBH & CO. KG.
In Personam,

       Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFEDNANT'S RULE 72(A) OBJECTION

      Plaintiff, Merrill-Stevens Yacht Sales, LLC, by and through undersigned counsel, hereby responds to the Defendant's Objection to the Magistrate Judge's Order regarding the Motion for Protective Order and states as grounds to affirm Judge Seltzer's Order the following:

      The issue before the Court surrounds the Plaintiff's claim against the Defendant for tortious interference with a business relationship.  As an element of such claim, the Plaintiff is required to prove that the Defendant intentionally and unjustifiably interfered with that relationship between the Plaintiff and its client.  *Ethan Allen v. Georgetown Manor*, 647 So. 2d 812 (Fla. 1994).  Three of the four elements of liability have been for al intents and purposes been established.  The Defendant recognizes the existence of a business relationship between the Plaintiff and its client, Dr. Jan Kulczyk, and further admits that the Defendant knew of this relationship.  The evidence is clear that if interference occurred, damages were sustained as a result.  Therefore, discovery has

centered on the third critical element of any tortious interference claim – whether the Defendant intentionally and unjustifiably interfered with the business relationship of the Plaintiff and its client.

More particularly, the Plaintiff has learned in discovery from a variety of sources that it was the regular habit and business practice of certain employees of the Defendant, acting within the scope of their employment, to *regularly* disclose broker's client's information to a third party broker, Moran Yacht & Ship, Inc. and in particular Rob Moran and Kevin Callahan of Moran Yacht & Ship, Inc., the same way the interference occurred in the Plaintiff's allegations.  In return, Moran would wean these clients from their respective brokers through financial incentives and misrepresentations and work on behalf of Lurssen to steer the clients to Lurssen and away from other shipyards.  Of the last 26 deals done at Lurssen, a shipyard that constructs custom-made megayachts for tens and hundreds of millions of dollars, 13 of the 26 were brokered by Rob Moran.  The second closest broker has done 2 deals.  No other broker has more than 1.

This is of widely known and generally accepted knowledge in the global yacht brokerage community and the Plaintiff is one victim who has the wherewithal to chose to forego the risk of Lurssen's wrath in the yachting community by asserting its claim for justice in the federal courts against Lurssen.

The Plaintiff has sought discovery that would endeavor to discover facts and circumstances surrounding other deals in which Rob Moran was involved in an effort to establish the regular business practice of Lurssen and its employees.  In essence, discovery on this matter goes directly to the heart of whether the Defendant's acts were (a) intentional and/or (b) justifiable under the circumstances.  Discovery seems to be

yielding evidence that Lurssen was aware of a potential problem it had within its own walls and Rob Moran, where Fridhotf Schmidt testified at deposition that he was so concerned about this "interference" issue that he even personally question Lurssen employee Michael Bremen on the matter.

The discovery sought seeks to expose the regular business practice and habits of the Defendant in an effort to support the critical element that would corroborate and show that the Plaintiff was intentionally and unjustifiably interfered.  Discovery seeks to uncover the deals in which Moran was involved so that the Plaintiff can prove its claim. As the Court correctly states in its Order the topics of inquiry "will reveal information related to the Defendant's routine business practices and financial motivations" and are sought to prove "whether Lurssen was engaged in a particular course of conduct with Moran to effect a break between a potential purchaser and the purchaser's broker to facilitate his placement as broker and to eventually steer customers to Lurssen.

The Defendant notes that a Magistrate's Order will only be overturned where the Court is "left with a definite and firm conviction that a mistake has been committed". (DE 85, Page 5), citing *Pendlebury v. Starbucks Coffee Co.*, 2007 U.S. Dist. LEXIS 94813, 2-3 (S.D. Fla. 2007)

What the Defendant failed to let the court know from *Pendlebury* is "where the court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Pendlebury v. Starbucks Coffee Co.*, 2007 U.S. Dist. LEXIS 94813, 2-3 (S.D. Fla. Dec. 28, 2007), citing *Georgia State Conference of Branches of NAACP v. Georgia*, 775 F.2d 1403, 1416 (11th Cir. 1985).

The Defendant admits that "in the absence of a legal error a District Judge can reverse a Magistrates discovery Order only if there was an 'abuse of discretion' by the Magistrate Judge." See DE 85, Page 5.  The Defendant continues that "all parties and the Court are in agreement" on the law.  DE 85, Page 5.  As such, the only basis for modifying or altering the Court's discovery order would be based on a finding that Magistrate Judge Seltzer abused his discretion when issuing his order of May 15, 2008. (DE 84).

Magistrate Judge Seltzer's Order is a well-reasoned opinion that correctly construes the facts and issues to the legal authority.  (DE 84) Not only does the Defendant fail to meet the legal burden of overturning or modifying the Order, but it is clear that the Court properly balances the speculative harm of the Defendant with the immediate and relevant need of the Plaintiff to discover the information by allowing discovery with the protectionary measure of a Confidentiality Order.

In accordance with Magistrate Judge Seltzer's Order the Plaintiff transmitted a draft of the potential Confidentiality Order to the Defendant.  The Defendant failed to make any comments to the proposed Confidentiality Order and in accordance with the orders of the Court and the Plaintiff was forced to unilaterally file its proposed Confidentiality Order with the Court. (DE 87-1 and 87-2).   The Defendant has since agreed that should the Court deny its instant Objection that the proposed order submitted to the Court would control.  As such, denial of this Objection from the Defendant will leave a protectionary measure of a Confidentiality Order in place regarding the information sought to be protected by the Defendant from speculative harm.  Such an

Order as currently before the Court absolutely protects the Defendant from its speculative harm and addresses and alleviates all of the concerns Defendant currently objects to.

For instance, the instant objection before the court is that the Plaintiff would learn information that would give it a "competitive advantage" to "solicit customers".  This is absurd as the proposed Confidentiality Order limits the use of any Confidential Information to purposes of the litigation.   See Section 4.   Any individual must sign Exhibit "A" to the proposed Confidentiality that acknowledges the information is limited to use for this litigation and that breach of such agreement is a violation of this Court's Order, subjecting the person to sanctions, including contempt of Court.  Clause 12 of the proposed order grants this court perpetual jurisdiction to enforce such an order.  Clause 7 sets forth the procedure for which the information will be destroyed at final disposition of the action and again makes clear that any information shall not be used in any other judicial proceeding or other proceeding or for any other purpose.

The alleged basis for which the Defendant interposes an objection are all more than adequately handled and alleviated by the proposed Confidentiality Agreement ordered by Judge Seltzer and filed with the Court at DE 87, Exhibit "A".  As such, the Magistrate Judge has cautiously and sensibly balanced the interests of the parties in accordance with the applicable law.  *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)(Marcus, J.); *Farnsworth v. Procter & Gamble, Co*., 758 F.2d 1545, 1547 (11th Cir. 1985); *New World Network, Ltd. V. M/V Norwegian Sea*, Case No. 05-22916, 2007 WL 1068124, at *2 (S.D. Fla. April 6, 2007);  *Jeld-Wen, Inc. v. Nebula Glass Int'I, Inc.*, No. 05-608600CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007)

What is really happening is that the Defendant is seeking protection of information that relates directly to its relationship with Rob Moran under the guise of a confidential trade secret. The Defendant is seeking to put up a wall around all relevant and necessary information the Plaintiff needs to prove its claim against the Defendant by holding up the words "confidential" and demanding the court enter a blanket order barring any discovery whatsoever. The law is clear. Because the information sought to be discovered is both relevant and necessary, the discovery should be permitted. The Defendant has failed to show any clearly defined serious injury. Rather, the defendant's concerns are merely speculative.

In particular, the discovery sought is relevant and necessary to the Plaintiff in order to prove the third element of its tortious interference claim – whether the Defendant intentionally and unjustifiably interfered with the business relationship of the Plaintiff and the client, a potential purchaser. Magistrate Judge Seltzer appropriately and prudently allowed for disclosure, but only upon the entrance of a Confidentiality Order that would preclude the use of said information for any purpose other than this litigation. The proposed Order at DE 87-2 will clearly alleviate any speculative concerns the Defendant may have about the use of such information outside of this litigation and contains enforcement mechanisms to deal with any individual who breaches the Order.

Magistrate Judge Seltzer's judicially and sensibly applies the law to the facts and appropriately balances the interests of the parties so that the Plaintiff can obtain information it needs to prove its case, while alleviating any concerns of the Defendant through a proposed Confidentiality Order.

Magistrate Judge Seltzer's Order is not "contrary to law."  It does not "fail to apply or misapply relevant statutes, case law or rules of procedure" as the Defendant admits is the standard under which the Court views the instant objection.  DE 85, Page 5. Rather, the Order properly and rationally applies the relevant case law by tempering discovery with a Confidentiality Order that would limit the use of such information to the litigation.  Any harm alleged by the Defendant is purely speculative and in all events alleviated through the protection and enforcement mechanisms contained within the proposed Confidentiality Order filed at DE 87.

In essence, what Lurssen interposes as an objection to the Court is really just the proverbial second bite at the apple on a motion it already lost.  Unhappy with the ruling it received from the Magistrate Judge, Lurssen wants a do-over of the exact same argument and issues the Magistrate already heard, identified, applied the proper law to, and partially denied by ordering the parties to enter a Confidentiality Order that would limit use of such information to use in this litigation.  What is clear is that the Magistrate Judge's Order does not misapply the law or incorrectly state the law and did not abuse its discretion when entering an order allowing discovery, but protects the Defendant's confidentiality interests through a Confidentiality Order.

WHEREFORE, the Defendant fails to meet its legal burden of having the District Court set aside the Magistrate's Order, the Defendant's Objection should be denied and the Order of Magistrate Seltzer (DE 84) affirmed.

Dated: June 11, 2008                    Respectfully submitted,

                                        **MOORE & COMPANY, P.A.**
                                        *Counsel for Plaintiff*
                                        355 Alhambra Circle, Suite 1100
                                        Coral Gables, Florida 33134
                                        Telephone: (786) 221-0600
                                        Facsimile:  (786) 221-0601
                                        Email: swagner@moore-and-co.net

                                        **/s/ Scott A. Wagner**
                                        _____

                                        Michael T. Moore, Esq.
                                        Florida Bar No. 207845
                                        Scott A.Wagner, Esq.
                                        Florida Bar No. 10244


## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on June 11, 2008, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all identified in the following service list.

---

Mr. Robert D. McIntosh, Esq.
**ADORNO & YOSS, LLP**
*Attorneys for Defendant*
888 Southeast 3rd Avenue, Suite 500
Fort Lauderdale, Florida  33316
Telephone: 954-523-5885
Telefax: 954-760-9531

---

                                        **/s/ Michael T. Moore**
                                        _____

                                        Michael T. Moore, Esq.